UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOHN R. DIGIACOMO,

                         Plaintiff,

                                   -against-                          **ORDER**
                                                                          18-CV-2664(JMA)(ARL)

SUFFOLK COUNTY DSS, SUPREME COURT OF
THE STATE OF NEW YORK, JUSTICE RICHARD I.
HOROWITZ,

                        Defendants.
----------------------------------------------------------------X

**AZRACK, District Judge:**

      On May 4, 2018, *pro se* plaintiff John R. DiGiacomo ("Plaintiff") filed an *in forma pauperis* complaint in this Court against Suffolk County Department of Social Services ("DSS"), the Supreme Court of the State of New York ("Supreme Court"), and Justice Richard I. Horowitz, New York State Supreme Court, Suffolk County ("Judge Horowitz" and collectively, "Defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging a deprivation of his constitutional rights. The Court grants Plaintiff's request to proceed *in forma pauperis* and *sua sponte* dismisses the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and Federal Rule of Civil Procedure 12(h)(3) for the reasons that follow.

## I.   BACKGROUND[1]

      Plaintiff's brief handwritten complaint is submitted on the Court's Section 1983 complaint form and seeks to challenge his state court appointment as caregiver to his ailing mother.

---

[1] All material allegations in the complaint are assumed to be true for the purpose of this Order, see, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

1

Although difficult to comprehend, in its entirety, Plaintiff's statement of claim alleges that, in August 2009, February 2016 and September 2016:[2]

> I was consigned by DSS to oversee my mother's healthcare needs. For seven years this meant medications, doctors visits, food, bathing, etc. under threat of having her forced into a nursing home. This was without any compensation. I was never advised that failure to do so could result in neglect or abuse charges. After she became blind I was ordered for 24/7 care under the same. The Courts took over Sept. 8, 2016 and I was under further constraints, and on May 22, 2017, I was also cut off from funds for weekly support with the full knowledge of the judge. I was also denied the rights I was supposed to be allowed under Section 81.19 of the Mental Hygiene Law.

(Compl. ¶ III.) In the space on the form complaint that calls for a description of any claimed injuries, Plaintiff alleges:

> I have blacked out once from the stress damaging my foot, lot several teeth due to bruxism that wasn't existing before. I was afforded no legal assistance, my rights have been ignored, despite having all responsibility for care, my input was ignored and dismissed. The property I worked my entire life for was sold regardless of my objections. My property was stolen while I was locked out, I was not even allowed to file criminal charges.

(Id. ¶ IV.) For relief, Plaintiff seeks to recover an unspecified sum as "compens[ation] by the Court for the property and DSS for the time demanded." (Id. ¶ V.) Annexed to the form complaint is a one-page typed statement wherein Plaintiff repeats many of the allegations set forth on the form complaint. In addition, Plaintiff claims that, in violation of the Thirteenth Amendment, he has been forced into involuntary servitude as an indentured servant in being ordered to care for his elderly, ailing mother. (Id. at 8.)

---

[2] Excerpts from the complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

## II.   DISCUSSION

**A.**   *In Forma Pauperis* **Application**

Upon review of Plaintiff's declaration in support of the application to proceed *in forma pauperis*, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee.  28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's application to proceed *in forma pauperis* is granted.

**B.   Standard of Review**

Pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss the action as soon as it makes such a determination.

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997).  In addition, the court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts; rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A

3

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.     Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a Section 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999). Here, Plaintiff claims a deprivation of his First, Fifth, Sixth, and Thirteenth Amendment rights. (Compl. ¶ II.B.)

**1. Immunity**

The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citations omitted). "It is well-established that New York State has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state sovereign immunity." Mamot v. Board of Regents, 367 F. App'x 191 (2d Cir. 2010).

The Eleventh Amendment also divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in his official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent a waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). It is well-established that a suit seeking money damages against a state court judge in his or her official capacity is barred by the Eleventh Amendment. See McKnight v. Middleton, 699 F. Supp. 2d 507, 521-23 (E.D.N.Y. 2010) (dismissing claims asserted against state court judge in her official capacity on sovereign immunity grounds); Sassower v. Mangano, 927 F. Supp. 113, 120 (S.D.N.Y. 1996) (suit against presiding and associate Justices of the Supreme Court of New York, Second Department barred by the Eleventh Amendment). Thus, Plaintiff's claims against the Supreme Court and Judge Horowitz are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) because sovereign immunity, as guaranteed by the Eleventh Amendment, bars such claims. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Moreover, because the Eleventh Amendment precludes any claim for monetary

damages against Judge Horowitz in his official capacity,[3] Caldwell v. Pesce, 83 F. Supp. 3d 472, 482 (E.D.N.Y 2015), Plaintiff's claims against Judge Horowitz are likewise not plausible.

### 2. The Rooker-Feldman Doctrine

Plaintiff's claims are also barred by Rooker-Feldman. The Rooker-Feldman doctrine designates the United States Supreme Court as the only federal court that may hear an appeal from a state-court judgment, Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923), and denies all other federal courts jurisdiction over claims that are "inextricably intertwined" with a prior determination issued by a state court, D.C. Court of Appeals v. Feldman, 460 U.S. 462, 483 n.16 (1983). In 2005, the Supreme Court confined this doctrine to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In light of Exxon Mobil, the Second Circuit announced a set of four requirements that must be met for the Rooker-Feldman doctrine to apply: First, the federal-court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third, the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been rendered before the district court proceedings commenced. Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005) (internal quotation marks omitted).

Here, it is apparent that Plaintiff lost in state court and complains of injuries caused by

---

[3] Although Plaintiff does not specify whether he seeks to impose liability against Judge Horowitz in his official rather than individual capacity, his sparse allegations against this defendant relate solely to conduct alleged to have occurred in the course of the state court proceeding relating to the care of Plaintiff's mother. Therefore, affording the complaint a liberal construction, Plaintiff's allegations may be reasonably construed as official capacity claims. Moreover, even if Plaintiff sought to sue this defendant in his individual capacity, such claims would also be barred by absolute judicial immunity. Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997).

6

the state court orders pertaining to his responsibilities in caring for his mother. Plaintiff clearly invites this Court to review and reject those orders, and the challenged orders were entered in May 2017, at the latest, well-before this action was commenced in May 2018. Thus, the Rooker-Feldman doctrine bars review of Plaintiff's claims in this Court and they are thus dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3).

**D.      Leave to Amend**

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)). Indeed, a *pro se* plaintiff who brings a civil rights action, "should be 'fairly freely'' afforded an opportunity to amend his complaint." Boddie v. New York State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)) (internal quotation marks omitted). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted).

Here, the Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. Because the defects in Plaintiff's claims are substantive, and could not be cured in an amended complaint, leave to amend the complaint would be futile and is thus denied.

### III.      CONCLUSION

For the forgoing reasons, Plaintiff's application to proceed *in forma pauperis* is granted, but Plaintiff's claims are *sua sponte* dismissed without prejudice for failure to allege a plausible claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii) and for lack of subject matter

7

jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff at his last known address and to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date:  September 26, 2018             /s/ (JMA)
       Central Islip, New York        JOAN M. AZRACK
                                      UNITED STATES DISTRICT JUDGE